UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TREVER HUTCHISON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | MISCELLANEOUS ACTION NO. 2:15-MC-26 |
| | § | |
| IMA LINDSEY, *et al*, | § | |
| | § | |
| Respondents. | § | |

## OPINION AND ORDER DENYING APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING LAWSUIT

Plaintiff, a prisoner incarcerated at TDCJ-CID's Gib Lewis Unit in Woodville, Texas, is seeking leave to proceed *in forma pauperis* in his § 1983 lawsuit against the Super Walmart Store in Calallen and Ima Lindsay, an employee of same store. Plaintiff claims his constitutional rights were violated in November 2011 when he was assaulted and falsely imprisoned by Defendant Lindsey, a Walmart Store greeter, as he stole a bicycle (D.E. 1, Att. 2). Plaintiff claims that Walmart failed to properly train Defendant Lindsay, who used excessive force against him when she tried to stop him from leaving the store with the stolen bicycle (*Id.*).

Plaintiff seeks leave to proceed *in forma pauperis* (D.E. 1). The Court finds that Plaintiff is unable to afford the $400 filing fee, but the inquiry does not end there. A federal court must dismiss a claim filed *in forma pauperis* if satisfied that the action is frivolous or malicious. 28 U.S.C. § 1915; *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). "Under this statute an action is frivolous if it 'lacks an arguable basis either in law or in fact.'" *Id.* (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). Moreover,

where "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed" *sua sponte* pursuant to § 1915(d).  *Gartrell*, 981 F.2d at 256 (citing *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990)).

The statute of limitations for a civil rights action brought in Texas is two years. *Gartrell,* 981 F.2d at 256.  The actions that Plaintiff complains of occurred in November 2011, more than three years ago, and are clearly barred by limitations.

Moreover, Defendants Lindsey and Walmart are private actors not subject to liability pursuant to 42 U.S.C. § 1983.  That statute provides a federal cause of action for the deprivation, under color of law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States.  *Livadas v. Bradshaw,* 512 U.S. 107, 132 (1994).  To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.,* 180 F.3d 234, 241 (5th Cir. 1999).

Plaintiff has made no allegation that Lindsey or Walmart are state actors within the meaning of § 1983.  Consequently, he has failed to state a viable claim under § 1983 and his § 1983 lawsuit is dismissed as frivolous.

ORDERED this 17th day of February, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE